BRIAN C. ANDERSON (State Bar No. 126539)
O'MELVENY & MYERS LLP
555 13th Street, N.W.
Washington, DC 20004
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

TROY M. YOSHINO (State Bar No. 197850)
O'MELVENY & MYERS LLP
Embarcadero Center West
275 Battery Street, 26th Floor
San Francisco, CA 94111-3344
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

Attorneys for Defendant
FORD MOTOR COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

SUSAN CHAMBERLAN, BRIAN CHAMPINE, and HENRY FOK, on behalf of themselves and all others similarly situated, and on behalf of the general public,

Plaintiffs,

v.

FORD MOTOR COMPANY, and DOES 1 through 100, inclusive,

Defendants.

Case No. C 03 2628 MEJ

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441 (DIVERSITY)

1  TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFFS AND THEIR
2  COUNSEL OF RECORD:
3    PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441 and 1446, Ford
4  Motor Company ("Ford") hereby removes to this Court the state court action entitled *Susan*
5  *Chamberlan et al. v. Ford Motor Company et al.*, Case No. RG03093471, filed on April 25, 2003
6  in the Superior Court of the State of California, County of Alameda, and served upon Ford on
7  May 7, 2003 (the "Action"). Removal is based on the grounds that federal diversity jurisdiction
8  exists over the Action because all current parties to the Action are completely diverse and the
9  amount in controversy exceeds $75,000. This Notice of Removal is timely because it has been
10 filed within the thirty-day period prescribed by 28 U.S.C. § 1446(b). Copies of the plaintiff's
11 complaint (the "Complaint") and other documents, constituting all process, pleadings, and orders
12 served upon Ford in the Action, are attached to this Notice at Tab A.
13   Ford states the following grounds for removal:

## SUMMARY OF COMPLAINT

15   1. On April 25, 2003, plaintiffs Susan Chamberlan, Brian Champine and
16 Henry Fok (collectively, "plaintiffs") filed the Complaint against Ford in the Superior Court of
17 the State of California, County of Alameda. (A true and correct copy of the Complaint is attached
18 as part of Tab A.)
19   2. Plaintiffs' Complaint asserts two claims. Both claims are predicated on the
20 single theory that Ford is liable to the plaintiffs and persons plaintiffs purport to represent because
21 Ford allegedly "manufactured, sold and distributed certain models of automobiles . . . that contain
22 defective intake manifolds that cannot withstand the temperature changes to which they are
23 foreseeably exposed." Complaint ¶ 2. Plaintiffs' first claim is a class action claim brought under
24 California's Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.* ("CLRA"). *Id.* ¶¶ 27-
25 31. Plaintiffs' second claim arises under California's Unfair Competition Law, Cal. Bus. & Prof.
26 Code §§ 17200 *et seq.* ("UCL"), and is a private attorney general claim brought "on behalf of the
27 California general public." *Id.* ¶¶ 2, 36. Plaintiff's complaint seeks a variety of forms of relief,
28 including damages, restitution, and attorneys' fees. *Id.* ¶¶ 35, 36, Prayer for Relief ¶¶ 3-5.

## JURISDICTION

3. Removal is proper and federal jurisdiction exists over the Action pursuant to 28 U.S.C. § 1441, because this case could originally have been filed in this Court pursuant to 28 U.S.C. § 1332. Federal diversity jurisdiction exists over the Action because it is an action between citizens of different states and the amount in controversy exceeds the sum of $75,000 per plaintiff, exclusive of interest and costs.

## DIVERSITY JURISDICTION

### Citizenship

4. Plaintiffs are all alleged to be California residents. Complaint ¶¶ 12-14. The Complaint states that Ford is a Delaware corporation with its corporate headquarters and principal place of business in Michigan. *Id.* ¶ 15. Thus, there is complete diversity among the parties.

### Amount in Controversy

5. The amount-in-controversy requirement of 28 U.S.C. § 1332 is satisfied because plaintiffs seek relief as private attorney generals under the UCL that, if awarded, would total far in excess of $225,000 (*i.e.*, $75,000 per plaintiff). Plaintiffs seek a court order requiring Ford to pay, to all affected members of the general public, all costs of repairing and replacing the allegedly defective intake manifolds and other parts allegedly damages by the allegedly defective manifolds. Plaintiffs also seek a court order requiring Ford to reimburse all members of the general public for costs already incurred in repairing and replacing the allegedly defective intake manifolds, regardless of mileage, use, or other warranty limitations. Complaint ¶¶ 35, 36, Ex. A. If the sought-after relief is granted against Ford, the amount-in-controversy requirement of 28 U.S.C. § 1332 would be met because the putative class vehicles likely number in the tens of thousands. *See id.* ¶ 3.

6. As noted earlier, plaintiffs' UCL claims are brought "on behalf of the California general public." Complaint ¶¶ 2, 36. Such claims are *not* class action claims in which each member of the general public is deemed to bring a separate claim against the defendant. *See, e.g., Mangini v. R.J. Reynolds Tobacco Co.*, 793 F. Supp. 925, 928 (N.D. Cal. 1992) (UCL

private attorney general action is "not a class action, nor does it possess many of the defining characteristics of a class action"); *Kraus v. Trinity Mgmt. Svcs., Inc.*, 23 Cal. 4th 116, 121, 125 n.9 (2000). Rather, private attorney general claims are claims solely of the individual "private attorney general" plaintiffs themselves. Other than the claim of the individual plaintiffs, no other UCL claims belonging to any other persons are before the Court. *See, e.g., Kraus*, 23 Cal. 4th 116, 121, 125 n.9, 142 (2000); *Bronco Wine Co. v. Frank A. Loguluso Farms*, 214 Cal. App. 3d 699, 719-20 (1989) (UCL Private AG action is "an individual, representative action" where members of the general public are "nonparties," as distinct from "a *class action* . . . [where] each participating member of the class was a party to the lawsuit and subject to the court's jurisdiction").

7. Thus, several judges of this Court addressing such claims have declined to "treat a private attorney general action as a class action for the purposes of determining whether the jurisdictional amount [required for diversity jurisdiction] has been satisfied . . . ." *Mangini*, 793 F. Supp. at 928. Instead, they have treated such claims under the rule stated in *Ridder Bros. v. Blethen*, 142 F.2d 395 (9th Cir. 1944), and held that "the amount in controversy may be measured either by the value of the relief sought by the plaintiff **or the cost to the defendant** if the relief is granted." *Mangini*, 793 F. Supp. at 928 (emphasis added) (Conti, J.); *see also, e.g., Myers v. Merrill Lynch & Co.*, 1999 WL 696082, at *5 (N.D. Cal. Aug. 23, 1999) (Orrick, J.) ("the Court finds that because [plaintiffs' UCL] claim is not a class action, the rule in *Ridder* . . . applies"); *City & County of San Francisco v. Hartford Life Ins. Co.*, 1999 WL 354522, at *3 (N.D. Cal. May 17, 1999) (Breyer, J.) ("Plaintiffs intentionally chose not to file this [UCL private attorney general claim] as a class action. Having made that choice, they cannot now argue that the lawsuit must be treated as a class action for purposes of determining amount in controversy.").[1] This Court should follow *Mangini* and its progeny and find that the cost of relief under plaintiff's private attorney general claims is properly measured from Ford's viewpoint.

---

[1] On two occasions, Judges of this Court have disagreed with *Mangini* and its progeny. *See Boston Reed Co. v. Pitney Bowes, Inc.*, No. 02-01106 SC, 2002 WL 1379993 (N.D. Cal. June 20, 2002); *Surber v. Reliance Nat'l Ins. Indemn. Co.*, 110 F. Supp. 2d 1227 (N.D. Cal. 2000). The United States Court of Appeals for the Ninth Circuit has addressed this question only in an unpublished table disposition, favoring removal of UCL private attorney general actions.

8. In addition, plaintiffs' private attorney general UCL claims meet the amount-in-controversy requirements for the independent reason that they seek attorneys' fees as authorized by the statute. *See* Prayer for Relief, ¶ 4. Such statute, however, authorizes attorney fee awards ***only*** for the individual plaintiffs. It is well established that where a fee-shifting provision vests the right to recover attorney fees in individual plaintiffs (as opposed to vesting the right in both class representative and absent class members), the potential recovery of such fees must be attributed solely to the individual plaintiffs for amount-in-controversy purposes. This rule was first recognized in *In re Abbott Labs.*, 51 F.3d 524, 526 (5th Cir. 1995), *aff'd by an equally divided court sub nom. Free v. Abbott Labs.*, 529 U.S. 333 (2000), and was later acknowledged by the Ninth Circuit in *Gibson v. Chrysler Corp.*, 261 F.3d 927, 942 (9th Cir. 2001); *see also, e.g., Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 870 (5th Cir. 2002); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723-25 (5th Cir. 2002). The fee recovery allowed under the UCL private attorney general claims falls squarely within the rule of *Abbott Labs.*

9. In a case such as this one, attorneys' fees are certain to exceed the amount-in-controversy requirement of $75,000 per plaintiff. *See, e.g.*, Tab A (Plaintiff's Civil Cover Sheet) (designating case as "Complex case" requiring "exceptional judicial management" and stating plaintiff's belief that case will involve "extensive motion practice raising difficult or novel issues that will be time-consuming to resolve" and "substantial documentary evidence").

10. Moreover, section 1021.5 of the California Code of Civil Procedure allows a "successful party" to recover attorney fees in certain circumstances. This statute has regularly been applied to allow the recovery of fees in UCL private attorney general actions. *See, e.g., Walker v. Countrywide Home Loans*, 98 Cal. App. 4th 1158, 1179 (2002) ("If a plaintiff prevails in an unfair competition law claim, it may seek attorney fees as a private attorney general pursuant to Code of Civil Procedure section 1021.5."); *Hewlett v. Squaw Valley Ski Corp.*, 54 Cal. App. 4th 499, 543-45 (1997). As discussed above (¶ 6), the UCL private attorney general claims lie solely within the individual plaintiffs. Because of this well-established principle of law, the

potential right to recover fees lies only within the individual plaintiffs in this case.[2] As explained above, the fees that will be incurred in litigating this claim are therefore also virtually certain to exceed the amount-in-controversy requirement.

11. Because removal jurisdiction based on diversity jurisdiction exists for plaintiffs' UCL private attorney general claim, 28 U.S.C. § 1367 confers supplemental jurisdiction upon this Court with respect to the CLRA claim brought by plaintiffs and putative absent class members. *See, e.g., Gibson*, 261 F.3d at 934.

## VENUE

12. Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the Superior Court of the State of California for the County of Alameda, the forum in which the removed action was pending. *See* N.D. Cal. Local Rule 3-2(d).

## NOTICE

13. Concurrent with the filing of this Notice, Ford will file a copy of this Notice of Removal with the Clerk of the Alameda Superior Court.

14. The documents attached as Tab A hereto constitute all process, pleadings, and orders served upon Ford in the Action.

## CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

15. Pursuant to Civil L.R. 3-16, the undersigned certifies that, other than the interests of the named parties to the action, Ford is not aware of any persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities that (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of the proceeding.

---

[2] *Gibson* found that Cal. Civ. Proc. Code § 1021.5 established a right to recover fees by an entire class of absent class member plaintiffs (not solely the named class representative), but *Gibson* dealt solely with a *class action* claim. 261 F.3d at 942-43. In contrast, plaintiffs' UCL private attorney general claim in the Action is clearly alleged as an *individual* claim. *See supra* ¶ 6. As a result, the private attorney general claims meet the amount-in-controversy requirement on this ground.

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: June 5, 2003 | O'MELVENY & MYERS LLP |
| 3 | | |
| 4 | | By: _____ |
| 5 | | Troy M. Yoshino<br>Attorneys for Defendant<br>FORD MOTOR COMPANY |

SF1:511636.1