BRIAN C. ANDERSON (State Bar No. 126539)
O'MELVENY & MYERS LLP
555 13th Street, N.W.
Washington, DC 20004
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

TROY M. YOSHINO (State Bar No. 197850)
O'MELVENY & MYERS LLP
Embarcadero Center West
275 Battery Street, 26th Floor
San Francisco, CA 94111-3344
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

Attorneys for Defendant
FORD MOTOR COMPANY

**E-FILING**

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| SUSAN CHAMBERLAN, BRIAN CHAMPINE, and HENRY FOK, on behalf of themselves and all others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. C 03-02628 MEJ<br><br>**FORD MOTOR COMPANY'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS**<br><br>Date: July 17, 2003<br>Time: 10:00 a.m.<br>Courtroom: B<br><br>Hon. Maria-Elena James |

# REQUEST FOR JUDICIAL NOTICE

Defendant Ford Motor Company ("Ford") requests that the Court take judicial notice of the documents attached hereto as Exhibits 1 to 5. Judicial notice of each document is proper pursuant to either Federal Rule of Evidence 201 and/or the rule allowing judicial notice of documents referred to in a complaint.

In ruling on a Rule 12(b)(6) motion to dismiss, the Court may consider certain materials and facts beyond those specifically alleged in the body of the complaint. Among other things, this Court may consider documents or facts that are subject to judicial notice pursuant to Federal Rule of Evidence 201. *See, e.g., Barron v. Reich*, 13 F. 3d 1370, 1377 (9th Cir. 1994) (court may grant motion to dismiss based on facts outside the scope of the complaint "when the additional facts considered by the court are contained in materials of which the court may take judicial notice"). It is appropriate for this Court to take judicial notice of the legislative history of California statutes. *See, e.g., Sebastian Int'l, Inc. v. Russolillo*, 151 F. Supp. 2d 1215, 1219-20 (C.D. Cal. 2001) (taking judicial notice of California Senate and Assembly Reports and legislative analysis); *Directors Guild of Am. v. Harmony Pictures*, 32 F. Supp. 2d 1184, 1190 n.3 (C.D. Cal. 1998) (similar). Accordingly, Ford requests that the Court take judicial notice of certain aspects of the legislative history of the Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.*, specifically:

(a) Assembly Bill No. 292 as it was introduced to the California Legislature on January 21, 1970, a true and correct copy of which is attached as Exhibit 1; and

(b) Assembly Bill No. 292 as it was amended by the California Assembly on May 22, 1970, a true and correct copy of which is attached as Exhibit 2.

It is also well established that "when [the] plaintiff fails to introduce a pertinent document as part of his pleading, [the] defendant may introduce the exhibits as part of his motion attacking the pleading." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994) (*quoting* Wright & Miller, *Federal Practice & Procedure* § 1327 at 762-63 (2d ed. 1990)) (internal quotations omitted); *see Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998) (observing that purpose of rule is to prevent plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting

3

*references to key documents*). Because plaintiffs expressly refer to their vehicles' warranties in the Complaint and the warranties are clearly pertinent documents, the Court may consider those warranties in addressing Ford's Motion to Dismiss. *See, e.g.*, Compl. ¶ 7 (referring to plaintiffs' "regular warrant[ies]"); *id.* at ¶ 16. Specifically, Ford requests that the Court take judicial notice of the following:

(a) Ford's 1996 – Model Warranty Information Booklet for Ford & Mercury Cars & Light Trucks, a true and correct copy of which is attached as Exhibit 3. The terms of this Warranty applied to plaintiff Brian Champine's 1996 Ford Thunderbird;

(b) Ford's 1997 – Model Warranty Information Booklet for Ford & Mercury Cars & Light Trucks, a true and correct copy of which is attached as Exhibit 4. The terms of this Warranty applied to plaintiff Susan Chamberlan's 1997 Mercury Grand Marquis; and

(c) Ford's 1998 – Model Warranty Guide for Ford & Mercury Cars & Light Trucks, a true and correct copy of which is attached as Exhibit 5. The terms of this Warranty applied to plaintiff Henry Fok's 1998 Ford Mustang GT.

Dated: June 12, 2003

Respectfully submitted,

BRIAN C. ANDERSON
TROY M. YOSHINO
O'MELVENY & MYERS LLP

By _____
Troy M. Yoshino
Attorneys for Defendant
FORD MOTOR COMPANY

SF1:513035.1