# EXHIBIT 2

AMENDED IN ASSEMBLY MAY 22, 1970
AMENDED IN ASSEMBLY APRIL 16, 1970

CALIFORNIA LEGISLATURE—1970 REGULAR SESSION

## ASSEMBLY BILL No. 292

Introduced by Assemblyman Hayes

January 21, 1970

REFERRED TO COMMITTEE ON JUDICIARY

An act to add Title 1.5 (commencing with Section 1750) to Part 4 of Division 3 of the Civil Code, relating to the Consumers Legal Remedies Act.

*The people of the State of California do enact as follows:*

1  SECTION 1. Title 1.5 (commencing with Section 1750) is
2  added to Part 4 of Division 3 of the Civil Code, to read:
3
4   TITLE 1.5.  CONSUMERS LEGAL REMEDIES ACT
5
6            CHAPTER 1.  GENERAL PROVISIONS
7
8    1750.  This title may be cited as the Consumers Legal Reme-
9  dies Act.
10   1751.  Any waiver by a consumer of the provisions of this
11  title is contrary to public policy and shall be unenforceable
12  and void.
13   1752.  The provisions of this title are not exclusive, and
14  the remedies provided for in this title shall be in addition to
15  any other remedies provided for in any other law.
16   *Nothing in this title shall limit any other statutory or any*
17  *common law rights of the Attorney General or any other*

### LEGISLATIVE COUNSEL'S DIGEST

AB 292, as amended, Hayes (Jud.). Consumers Legal Remedies Act.
Adds Title 1.5 (commencing with Sec. 1750), Pt. 4, Div. 3, Civ.C.
Enacts Consumers Legal Remedies Act which provides specific legal remedies for consumers who suffer damage as a result of method, act, or practice declared to be unlawful by the act.
Vote—Majority; Appropriation—No; Fiscal Committee—No.

— 2 —

1 person to bring class actions. Class actions by consumers based
2 upon practices declared to be unlawful by Chapter 3 (com-
3 mencing with Section 1770) of this title shall be governed ex-
4 clusively by the provisions of Chapter 4 (commencing with
5 Section 1780).
6   1753. If any provision of this title or the application thereof
7 to any person or circumstance is held to be unconstitutional,
8 the remainder of the title and the application of such provision
9 to other persons or circumstances shall not be affected thereby.
10   1754. The provisions of the title shall not apply to any
11 transaction which provides for the construction, sale, or con-
12 struction and sale of an entire residence or all or part of a
13 structure designed for commercial or industrial occupancy,
14 with or without a parcel of real property or an interest therein,
15 or for the sale of a lot or parcel of real property, including
16 any site preparation incidental to such sale.
17   1755. *Nothing in this title shall apply to the owners or*
18 *employees of any advertising medium, including, but not*
19 *limited to, newspapers, magazines, broadcast stations, bill-*
20 *boards and transit ads, by whom any advertisement in viola-*
21 *tion of this title is published or disseminated, unless it is es-*
22 *tablished that such owners or employees had knowledge of*
23 *the deceptive methods, acts or practices declared to be unlaw-*
24 *ful by Section 1770.*

CHAPTER 2. CONSTRUCTION AND DEFINITIONS

27   1760. This title shall be liberally construed and applied
28 to promote its underlying purposes, which are to protect con-
29 sumers against unfair and deceptive business practices and to
30 provide efficient and economical procedures to secure such
31 protection.
32   1761. As used in this title:
33   (a) "Goods" means tangible chattels bought for use pri-
34 marily for personal, family, or household purposes, including
35 certificates or coupons exchangeable for such goods, and in-
36 cluding goods which, at the time of the sale or subsequently,
37 are to be so affixed to real property as to become a part of
38 such real property, whether or not severable therefrom.
39   (b) "Services" means work, labor, and services for other
40 than a commercial or business use, including services furnished
41 in connection with the sale or repair of goods.
42   (c) "Person" means an individual, partnership, corpora-
43 tion, association, or other group, however organized.
44   (d) "Consumer" means an individual who seeks or ac-
45 quires, by purchase or lease, any goods, services, money, or
46 credit for personal, family, or household purposes.
47   (e) "Transaction" means an agreement between a consumer
48 and any other person, whether or not the agreement is a con-
49 tract enforceable by action, and includes the making of, and
50 the performance pursuant to, that agreement.

— 3 —

CHAPTER 3. DECEPTIVE PRACTICES

1   1770. The following unfair methods of competition and un-
2 fair or deceptive acts or practices undertaken by any person
3 in the conduct of any trade or commerce sale or lease of goods
4 or services to any consumer are unlawful:
5   (a) Passing off goods or services as those of another.
6   (b) Causing likelihood of confusion or misunderstanding as
7 to the *Misrepresenting the* source, sponsorship, approval, or
8 certification of goods or services.
9   (c) Causing likelihood of confusion or misunderstanding as
10 to *Misrepresenting the* affiliation, connection, or association
11 with, or certification by, another.
12   (d) Using deceptive representations or designations of geo-
13 graphic origin in connection with goods or services.
14   (e) Representing that goods or services have sponsorship,
15 approval, characteristics, ingredients, uses, benefits, or quan-
16 tities which they do not have or that a person has a sponsor-
17 ship, approval, status, affiliation, or connection which he does
18 not have.
19   (f) Representing that goods are original or new if they
20 have deteriorated unreasonably or are altered, reconditioned,
21 reclaimed, used, or secondhand.
22   (g) Representing that goods or services are of a particular
23 standard, quality, or grade, or that goods are of a particular
24 style or model, if they are of another.
25   (h) Disparaging the goods, services, or business of another
26 by false or misleading representation of fact.
27   (i) Advertising goods or services with intent not to sell them
28 as advertised.
29   (j) Advertising goods or services with intent not to supply
30 reasonably expectable public demand, unless the advertisement
31 discloses a limitation of quantity.
32   (k) Making false or misleading statements of fact concern-
33 ing reasons for, existence of, or amounts of price reductions.
34   (l) Representing that a transaction confers or involves
35 rights, remedies, or obligations which it does not have or in-
36 volve, or which are prohibited by law.
37   (m) Representing that a part, replacement, or repair serv-
38 ice is needed when it is not.
39   (n) Representing that the subject of a transaction has been
40 supplied in accordance with a previous representation when
41 it has not.
42   (o) Representing that the consumer will receive a rebate,
43 discount, or other economic benefit as an inducement for en-
44 tering into a transaction, if the earning of the benefit is con-
45 tingent on an event to occur subsequent to the consummation
46 of the transaction.
47   (p) Causing likelihood of confusion or misunderstanding
48 with respect to *Misrepresenting the* authority of a salesman,
49 representative, or agent to negotiate the final terms of a trans-
50 action with a consumer.

## CHAPTER 4. REMEDIES AND PROCEDURES

1780. Any consumer who obtains credit, or purchases or leases, or agrees to purchase or lease, goods or services primarily for personal, family, or household purposes, and who thereby suffers any damage as a result of the use or employment by any person of a method, act, or practice declared to be unlawful by Section 1770 or 1771 may bring an action against such person in the county in which the person resides, has his principal place of business, or is doing business, or in the county where the transaction or any substantial portion thereof occurred, to recover or obtain any of the following:

(a) Actual damages, but in no case shall an award of damages in a class action be less than three hundred dollars ($300).

(b) An order enjoining such methods, acts, or practices.

(c) Punitive damages.

(d) Any other relief which the court deems proper.

1781. (a) Any consumer entitled to bring an action under Section 1780 may, if the unlawful method, act, or practice has caused damage to other consumers similarly situated, bring an action on behalf of himself and such other consumers to recover damages or obtain other relief as provided for in Section 1780.

(b) The court shall permit the suit to be maintained on behalf of all members of the represented class if all of the following conditions exist:

(1) It is impracticable to bring all members of the class before the court.

(2) The questions of law and fact common to the class are substantially similar and predominate over the questions affecting the individual members.

(3) The claims or defenses of the representative plaintiffs are typical of the claims or defenses of the class.

(4) The representative plaintiffs will fairly and adequately protect the interests of the class.

(c) If notice of the time and place of the hearing is served upon the other parties at least 10 days prior thereto, the court shall hold a hearing, upon motion of any party to the action which is supported by affidavit of any person or persons having knowledge of the facts, to determine if any of the following apply to the action:

(1) A class action pursuant to subdivision (b) is proper.

(2) Published notice pursuant to subdivision (d) is necessary to adjudicate the claims of the class.

(3) The action is without merit or there is no defense to the action.

A motion based upon Section 437c of the Code of Civil Procedure shall not be granted in any action commenced as a class action pursuant to subdivision (a).

(d) If the action is permitted as a class action, the court may direct either party to notify each member of the class of the action. The party required to serve notice shall, if it appears that all members of the class cannot be served personally, give notice as prescribed herein by publication in accordance with Section 6064 of the Government Code in a newspaper of general circulation in the county in which the transaction occurred. The notice shall state the following:

(1) The court will exclude the member notified from the class if he so requests by a specified date.

(2) The judgment, whether favorable or not, will include all members who do not request exclusion.

(3) Any member who does not request exclusion, may, if he desires, enter an appearance through counsel.

(e) A class action shall not be dismissed, settled, or compromised without the approval of the court, and notice of the proposed dismissal, settlement, or compromise shall be given in such manner as the court directs to each member who was given notice pursuant to subdivision (d) and did not request exclusion.

(f) The judgment in a class action shall describe those to whom the notice was directed and who have not requested exclusion and those the court finds to be members of the class. The best possible notice of the judgment shall be given in such manner as the court directs to each member who was personally served with notice pursuant to subdivision (d) and did not request exclusion.

1782. (a) Thirty days prior to the commencement of any action for damages pursuant to the provisions of this title, the consumer shall:

(1) Notify the person alleged to have employed or committed methods, acts or practices declared unlawful by Section 1770 of the particular alleged violation of Section 1770; and

(2) Demand that such person correct, repair, replace or otherwise rectify the goods or services alleged to be in violation of Section 1770.

Such notice shall be in writing and shall be sent by certified or registered mail, return receipt requested, to the place where the transaction occurred, such person's principal place of business within California, or the office of the Secretary of the State of California, whichever is most likely to effect actual notice.

(b) Except as provided in subdivision (c), no action may be maintained under the provisions of Section 1780 if an appropriate correction, repair, replacement or other remedy is given, or agreed to be given within a reasonable time, to the consumer within 30 days after receipt of such notice.

(c) No action may be maintained under the provisions of Section 1781 upon a showing by a person alleged to have employed or committed methods, acts or practices declared unlawful by Section 1770 that:

1  (1) All consumers similarly situated have been identified,
2  or a reasonable effort to identify such other consumers has
3  been made;
4  (2) All consumers so identified have been notified that upon
5  their request such person shall make the appropriate correc-
6  tion, repair, replacement or other remedy of the goods and
7  services;
8  (3) That the correction, repair, replacement or other rem-
9  edy requested by such consumers has been, or, in a reasonable
10 time, shall be, given; and
11 (4) Such person has ceased to engage in such methods, acts
12 or practices.
13 (d) Not less than 30 days after the commencement of an
14 action for injunctive relief, the consumer may amend his com-
15 plaint without leave of court to include a prayer for damages,
16 after compliance with the provisions of subdivision (b) or (c).
17 1782.
18 1783. A party who prevails in an action under this title
19 may be awarded reasonable attorney fees, to be specified in
20 the judgment. A legal aid society or legal services program
21 which represents a consumer who prevails in an action under
22 this title may be awarded a reasonable sum in lieu of attorney
23 fees.
24 1784.
25 1784. (a) Any action based on a method, act, or practice
26 declared to be unlawful by Section 1770 shall be commenced
27 not more than six months one year from the date of the
28 commission of such method, act, or practice or six months one
29 year from the date the plaintiff knew or reasonably should
30 have known of the commission of such method, act, or prac-
31 tice, whichever occurs later.
32 (b) No person shall be a member of a class for which an
33 action is commenced under Section 1781 unless such person
34 shall have been involved in a transaction declared to be un-
35 lawful by Section 1770 within two years prior to the com-
36 mencement of the action.
37 1784. An assignee of the rights of a seller or creditor is
38 subject to all claims and defenses of the consumer arising out
39 of a transaction covered by this title.
40 1785. A person may not be held liable in in any action
41 based on a method, act, or practice declared to be unlawful by
42 Section 1770 if the person shows, by a preponderance of evi-
43 dence, and not requiring intent as an element thereof, the
44 court may consider in mitigation of damages that the viola-
45 tion was not intentional and resulted from a bona fide error
46 notwithstanding the maintenance of procedures reasonably
47 adapted to avoid any such error.