# EXHIBIT A

ENDORSED
FILED
ALAMEDA COUNTY

JUN 2 1 2002

CLERK OF THE SUPERIOR COURT
By_____
                    Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

| | |
|---|---|
| ROBERT HOWARD, SUSAN VON RITTER, DOUGLAS CURRAN, KIRK MORGANSON and JERRY MACALA, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY and DOES 1 to 100,<br><br>Defendants. | Case No. 763785-2<br><br>FINAL ORDER AND JUDGMENT APPROVING SETTLEMENT<br><br>Hon. Michael E. Ballachey |

## FINAL ORDER AND JUDGMENT

The parties both moved this Court for an Order finally approving their settlement, certifying a settlement class, and taking certain other actions. The motions and the matters raised therein came on for hearing before this Court on June 21, 2002.

Upon considering the parties' Settlement Agreement[1] and all exhibits thereto (including forms of notice and claim forms; collectively "Settlement Agreement"), all papers in support of the settlement filed by the Parties, plaintiffs' petition for fees and costs, all objections to the settlement, the record in this case, the arguments of counsel at the June 21 hearing, and other materials relevant to this matter, it is hereby **ORDERED, ADJUDGED, AND DECREED** that:

1. This Court has both subject matter jurisdiction and personal jurisdiction as to this action and all Parties before it.

2. The Court has carefully considered the objections that have been filed. The objectors have failed to analyze the reasonableness of the settlement as a whole, have failed to take account of the record in this case that developed over years of litigation, and have failed to give proper weight to the risks, expense, and uncertainty that would be entailed by continuing to litigate *Howard* and the other TFI class actions.

The Parties reached a proposed settlement only after nearly six years of vigorous litigation including, but not limited to, the following:

- The removal of the six TFI actions that were filed in different state courts ("Related Actions"), which resulted in proceedings before various federal courts, including the Judicial Panel on Multidistrict Litigation, pertaining to the consolidation and remand

---

[1] All capitalized terms in this Final Order and Judgment shall have the meaning and effect prescribed in the Settlement Agreement.

1

of the Related Actions to the respective state courts from which they were removed;

- Litigating demurrers to the causes of action plaintiffs included in the original and in the four amended complaints filed in the *Howard* action;

- Staying the Related Actions, except the *Howard* action, and coordinating all discovery through the *Howard* action in which plaintiffs conducted nearly 100 videotaped depositions throughout the United States and in Europe, and in which the parties propounded hundreds of interrogatories, requests for the production of documents and other tangible things, requests for admissions, and analyzing over one million pages of materials (in hard copy and electronic form) that were produced in discovery by Ford and by non-parties;

- Conducting dozens of court-supervised meet-and-confer sessions relating to discovery, and litigating approximately forty (40) motions pertaining to discovery disputes that were not resolved in meet-and-confer sessions;

- Litigating the issues raised in connection with plaintiffs' motion for class certification in the *Howard* action, and motions pertaining to notice of the pendency of the *Howard* action to members of the California Class;

- Participating in Special Order proceedings conducted by the National Highway Traffic Safety Administration, which were prompted by documents submitted to the Court in connection with the motion for class certification in the *Howard* action;

- Litigating the issues raised in connection with Ford's motions to decertify the California Class;

- Litigating the issues raised in seven motions for summary adjudication Ford filed in the *Howard* action;

- Litigating the issues raised by twenty-seven (27) motions *in limine* that the parties filed prior to the first trial of the *Howard* action;

- Litigating the issues raised in connection with petitions for writ review that Ford filed with the California Court of Appeal and the California Supreme Court regarding one of its motions for decertification and one motion for summary adjudication Ford filed in the *Howard* action;

- Conducting the depositions of fourteen (14) experts whom the parties designated as witnesses appearing on their behalves at the first trial of the *Howard* action;

- Conducting a jury trial that commenced on May 18, 1999, and concluded with the declaration of a mistrial on November 18, 1999;

- Conducting a trial of plaintiffs' equity claims concurrently with the jury trial, which concluded with the issuance of a Statement of Decision on October 11, 2000, after the submission of more than four hundred (400) pages of post-trial briefs, exclusive of supporting exhibits and other materials;

- Litigating issues raised by Ford's motions for nonsuit and for directed verdict, and by Plaintiffs' motion for directed verdict in connection with the first trial of the *Howard* action;

- Litigating in the trial court and in the court of appeal the issues raised by Ford's challenge pursuant to Code of Civil Procedure section 170.3;

- Litigating in the trial court and in the court of appeal the issues raised by plaintiffs' motion for judgment and, in the alternative, motion *in limine* regarding the preclusive effect of issues resolved by the Court's Statement of Decision;

- Litigating before the Court-appointed Referee issues pertaining to the restitution and recall remedies referred to in the Statement of Decision; and

- Litigating the issues raised by the twenty-eight (28) motions *in limine* that the parties filed prior to the scheduled retrial of question of whether Ford has violated the Consumers Legal Remedies Act.

In the absence of settlement it would be necessary to continue prosecuting the *Howard* action through a re-trial and, even if plaintiffs were successful there, through the series of appeals Ford has indicated it would take, including, but not limited to, appeals from the class-certification order, and from any Judgment upon the Statement of Decision or upon a potential jury verdict in the re-trial (and any further trials that might be necessary in the wake of an initial appeal), all of which would delay substantially the California Class Members' receipt of benefits from the Related Actions and would also require separate, additional litigation in the remaining Related Actions. There are significant risks in this litigation, whose outcome is uncertain; therefore, balancing the costs, risks, and delay of continued litigation against the benefits of the settlement to the Settlement Class, the Court has concluded that settlement as provided in the Settlement Agreement will be in the best interests of the Settlement Class as defined herein;

Taking these factors into account, along with the points set forth in the parties'

respective responses to the objections, the Court concludes that the proposed settlement represents a reasonable compromise of the claims that have been asserted in these actions. The Court further concludes that the objectors' arguments do not reflect a knowledge of the relevant circumstances of this litigation and are without factual or legal merit.

3. The Court hereby approves the terms of the Settlement Agreement, attached hereto as Exhibit A and incorporated herein for all purposes, as fair, reasonable, and adequate as it applies to all Plaintiffs and Settlement Class Members. The Court further directs implementation of all terms and provisions of the Settlement Agreement.

4. The Mailed Notice, Summary Notice, Internet Notice, and Reimbursement Claim Form, the contents of which were previously approved by the Court's October 25, 2001 Order, have been disseminated in accordance with procedures required by the October 25 Order and the law. These materials (a) provided the best practicable notice, (b) were reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the action, the terms of the proposed settlement, and of their right to appear or object to or exclude themselves from the proposed settlement, (c) were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice, and (d) and fully complied with California law, the United States Constitution, and any other applicable law.

5. On December 1, 1997, the Court issued an order certifying a class that included residents of California only (the "California Certification Order"). At the time that the California Certification Order issued, the following related putative class actions were pending outside the State of California: *Bainbridge v. Ford Motor Co.*, Case No. 96-2-15959-0SEA in the Superior Court of the State of Washington for King County; *Buchanan v. Ford Motor Co.*, Case No. CAL 96-13683 in the Circuit Court of the State of Maryland for Prince George's County; *Cobb v. Ford Motor Co.*, Case No. 96-CH6397 in the Circuit Court of the State of Illinois for Cook County;

*Smith v. Ford Motor Co.*, Case No. CV 96-001726 in the Circuit Court of the State of Alabama for Mobile County; and *Sweet v. Ford Motor Co.*, Case No. C-10463 in the Circuit Court of the State of Tennessee for Blount County (collectively, the "Related Actions"). The Parties have made a sufficient showing that a nationwide class should, consistent with the Court's October 25, 2001 Order, remain certified for settlement purposes only, consisting of persons who meet the following criteria:

> All persons residing in the United States who (1) currently own or lease a 1983 through 1995 model-year Ford, Lincoln, or Mercury vehicle with a distributor-mounted TFI module; (2) have owned or leased a 1983 through 1995 model-year Ford, Lincoln, or Mercury vehicle with a distributor-mounted TFI module and paid or were charged for the cost of replacing a TFI module in such vehicle; or (3) purchased a 1983 through 1995 model-year Ford, Lincoln, or Mercury vehicle with a distributor-mounted TFI module when that vehicle was new.

*Excluded from the class are the following*:

    a. Ford, its subsidiaries and affiliates, officers, directors, and employees;

    b. persons who have suffered physical injury as a result of a malfunctioning distributor-mounted TFI module installed in a Class Vehicle, as well as the legal representatives, heirs, successors or assigns of any excluded class member;

    c. persons who have filed separate non-class legal actions against Ford asserting claims substantially similar to those alleged in the Related Actions;

    d. persons who have settled with and validly released Ford from individual claims substantially similar to those alleged in the Related Actions; and

    e. persons who have previously timely and validly requested exclusion from the class certified in *Howard v. Ford Motor Co.*, Case No. 763785-2 in the Superior Court of the State of California for Alameda County.

If, for any reason, the Effective Date of the Settlement does not occur, this Order certifying a settlement class shall be vacated *nunc pro tunc* and the Court's December 1, 1997, California Certification Order shall be reinstated, but Ford will retain all rights it now has to seek review or reconsideration of that order.

    6. All Parties are bound by this Final Order and Judgment and by the Settlement Agreement.

7. The Court hereby dismisses, on the merits and with prejudice, all claims currently pending before it belonging to Settlement Class Members who did not request exclusion from the Settlement Class in the time and manner provided for in the Settlement Agreement.

8. Ford and the Ford Related Parties are forever discharged from the Released Claims, as that term is defined at Paragraph 12 of the Definitions section of the Settlement Agreement, belonging to all Settlement Class Members who did not request exclusion from the Settlement Class in the time and manner provided for the in the Settlement Agreement. This release occurs pursuant to the terms and covenants at paragraph B.23 of the Settlement Agreement. Provided, however, that nothing in this Final Order and Judgment is intended to bar Plaintiffs or Settlement Class Members from seeking to enforce or otherwise implement the Settlement Agreement and/or claims arising out of, based upon, or related to personal injury, property damage or wrongful death, regardless of whether the claim is brought in an action or matter making allegations pertaining to a TFI Module or its effects, and regardless of whether such claims arose before or after the Settlement.

9. All Settlement Class Members who did not make a valid request for exclusion from the Settlement Class in the time and manner provided in the Settlement Agreement are hereby barred, permanently enjoined, and restrained from commencing or prosecuting any action, suit, proceeding, claim, or cause of action in any jurisdiction or court against Ford and/or the Ford Related Parties based upon, relating to, or arising out of, any of the Released Claims.

10. The claims of Settlement Class Members who validly elected to be excluded from the Settlement Class in the time and manner provided for in the Settlement Agreement are dismissed without prejudice.

11. The Court hereby vacates the Statement of Decision previously entered in this action on October 11, 2000.

12. For good cause shown, the Court awards Class Counsel fees and costs as set forth in the accompanying Order Granting Plaintiffs' Petition for Fees and Costs, which is incorporated herein by reference.

13. The Settlement Agreement shall not be offered or be admissible in evidence by or against Ford or cited or referred to in any other action or proceeding, except (1) in any action or proceeding brought by or against the Parties to enforce or otherwise implement the terms of the Settlement Agreement, or (2) in any action involving Plaintiffs, Settlement Class Members, or any of them, to support a defense of *res judicata*, collateral estoppel, release, or other theory of claim preclusion, issue preclusion, or similar defense.

14. If, for any reason, the Effective Date of Settlement does not occur, this Final Order and Judgment shall be deemed vacated and shall have no force or effect whatsoever.

15. Without affecting the finality of the Final Order and Judgment in any way, the Court reserves continuing and exclusive jurisdiction over the Parties, including all Settlement Class Members, and the execution, consummation, administration, and enforcement of the terms of the Settlement Agreement.

16. There being no just reason for delay, the Clerk is directed to enter the Final Order and Judgment herewith.

**IT IS SO ORDERED, ADJUDGED, AND DECREED.**

Dated: June 1, 2002

Hon. Michael E. Ballachey
Judge of the Superior Court