IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN CHAMBERLAN, BRIAN CHAMPINE, and HENRY FOK, on behalf of themselves and all others similarly situated, and on behalf of the general public,<br><br>    Plaintiffs,<br><br>  v.<br><br>FORD MOTOR COMPANY, and DOES 1 through 100, inclusive,<br><br>    Defendants. | No. C 03-2628 CW<br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION |

Plaintiffs Susan Chamberlan and Henry Fok move for class certification (Docket No. 60). Defendant Ford Motor Company opposes the request. The matter was submitted on the papers. Having considered all of the papers filed by the parties, the Court GRANTS Plaintiffs' motion for class certification.

BACKGROUND

Plaintiffs Susan Chamberlan and Henry Fok allege that Defendant Ford Motor Company manufactured, sold, and distributed automobiles containing defective engine intake manifolds. The intake manifolds at issue are made of plastic, in contrast to the aluminum manifolds in use in other Ford automobiles. These plastic intake manifolds, and particularly the plastic water crossover component of the plastic intake manifolds, are more likely to crack than traditional aluminum intake manifolds. According to Plaintiffs, Ford became aware of the problems with

the plastic intake manifolds as early as late 1995. Ford redesigned the plastic intake manifold several times in attempts to address the cracking problem, but was not able to do so until 2002 when it replaced the plastic water crossover with an aluminum one. According to Plaintiffs, Ford concealed this information regarding the defective nature of the plastic intake manifold from consumers. Plaintiffs allege that Ford is liable pursuant to the California Consumers Legal Remedies Act (CLRA), Cal. Civ. Code § 1750 et seq., for its failure to disclose the defective nature of the plastic intake manifolds.[1]

Plaintiffs now seek certification to represent a class defined as:

> All consumers residing in California who currently own, or paid to repair or replace the plastic intake manifold in any of the following cars: 1996-2001 model year Mercury Grand Marquis, 1998-2001 model year Ford Mustangs, 2002 model year Ford Explorers, 1996-2001 model year Ford Crown Victorias, or 1996-2001 Lincoln Town Cars.
>
> "Consumer" means an individual who bought her car for personal, family, or household purposes.
>
> Excluded from the Class are (1) anyone to whom Ford has provided an extended warranty for her intake manifold; (2) the judge to whom this case is assigned and any member of the judge's immediate family; and (3) anyone who suffered personal injury related to Ford's plastic water crossover.

---

[1] The CLRA makes illegal "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer." Cal. Civ. Code § 1770(a). The CLRA proscribes "[r]epresenting that goods or services have . . . characteristics, ingredients, uses, benefits, or qualities which they do not have," Cal. Civ. Code § 1770(a)(5), and "[r]epresenting that goods or services are of a particular standard, quality or grade, . . . if they are of another," Cal. Civ. Code § 1770(a)(7).

2

1  Ford opposes Plaintiffs' motion for class certification.

## DISCUSSION

A plaintiff seeking to represent a class must satisfy the threshold requirements of Federal Rule of Civil Procedure 23(a) as well as the requirements for certification under one of the subsections of Federal Rule of Civil Procedure 23(b).

I.  Rule 23(a)

Rule 23(a) permits district courts to certify class action lawsuits if: (1) the class is so numerous that joinder of all class members is impracticable ; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.  Fed. R. Civ. P. 23(a).

A.  Numerosity

"The prerequisite of numerosity is discharged if 'the class is so large that joinder of all members is impracticable.'" Hanlon v. Chrysler Corp., 150 F.3d 1011, 1019 (9th Cir. 1998) (quoting Fed. R. Civ. P. 23(a)(1)).  Given that the number of California residents who purchased vehicles containing the plastic intake manifolds likely numbers at least 150,000, this requirement is satisfied.

B.  Commonality

"A class has sufficient commonality 'if there are questions of fact and law which are common to the class.'"  Id. (quoting Fed. R. Civ. P. 23(a)(2)).  "All questions of fact and law need

3

not be common to satisfy this rule. The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." <u>Id.</u> Here, the claims of all members of the class "stem from the same source," <u>id.</u> at 1019-20, namely, that Ford knew that there was a risk that the plastic intake manifolds would crack prematurely, but concealed that information from ordinary consumers. This is sufficient to satisfy the commonality requirement of Rule 23(a)(2).

    C.   Typicality

"The typicality prerequisite of Rule 23(a) is fulfilled if 'the claims or defenses of the representative parties are typical of the claims or defenses of the class.'" <u>Id.</u> at 1020 (quoting Fed. R. Civ. P. 23(a)(3)). "[R]epresentative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." <u>Id.</u> Here, the typicality requirement is satisfied because the named plaintiffs and the members of the proposed class "all have claims arising from the [same] fraudulent scheme." <u>In re: Prudential Ins. Co. of Am. Sales Practices Litig.</u>, 148 F.3d 283, 311 (3rd Cir. 1998) (noting that "cases challenging the same unlawful conduct which affects both the named plaintiffs and the putative class usually satisfy the typicality requirement irrespective of the varying fact patterns underlying the individual claims").

    D.   Adequacy

"The final hurdle interposed by Rule 23(a) is that 'the

4

Case4:03-cv-02628-CW Document172 Filed09/08/04 Page5 of 7

representative parties will fairly and adequately protect the interests of the class.'" <u>Hanlon</u>, 150 F.3d at 1020 (quoting Fed. R. Civ. P. 23(a)(4)). "Resolution of two questions determines legal adequacy: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" <u>Id.</u> Here, there is no evidence that Plaintiffs or their counsel have any conflicts of interest with other class members. Rather, Plaintiffs share the same interest as absent class members in that they have all allegedly been harmed by Ford's concealment of the defective nature of the plastic intake manifolds. Further, the record in this case to date demonstrates that named Plaintiffs and their counsel will prosecute this action vigorously on behalf of the class. Therefore, the adequacy requirement is satisfied.

II. Rule 23(b)(3)

  Having met the prerequisites of Federal Rule of Civil Procedure 23(a) for class certification, named Plaintiffs are entitled to proceed on a class basis if they meet the requirements of one of the subsections of Federal Rule of Civil Procedure 23(b). Here, named Plaintiffs seek to proceed under Federal Rule of Civil Procedure 23(b)(3). "To qualify for certification under this subsection, a class must satisfy two conditions in addition to the Rule 23(a) prerequisites: common questions must 'predominate over any questions affecting only individual members,' and class resolution must be 'superior to

5

other available methods for the fair and efficient adjudication of claims.'" Id. at 1022 (quoting Fed. R. Civ. P. 23(b)(3)).

   A.   Predominance

"The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." Amchem Prod., Inc. v. Windsor, 521 U.S. 591, 623 (1997). "When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than an individual basis." Hanlon, 150 F.3d at 1022 (internal quotation marks omitted). Here, common questions include whether the design of the plastic intake manifold was defective, whether Ford was aware of the alleged design defects, whether Ford had a duty to disclose its knowledge, whether it failed to do so, whether the facts that Ford allegedly failed to disclose were material, and whether the alleged failure to disclose violated the CLRA. Common questions thus predominate over individual questions in this case.

   B.   Superiority

"Rule 23(b)(3) also requires that class resolution must be 'superior to other available methods for the fair and efficient adjudication of the controversy.'" Id. at 1023 (quoting Fed. R. Civ. P. 23(b)(3)). "The policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights." Amchem, 521

6

U.S. at 617. Here, few potential class members could afford to undertake individual litigation against Ford to recover the relatively modest damages at issue. Therefore, in the absence of a class action, few class members would have any meaningful redress against Ford as a practical matter. A class action is the superior method of resolving this controversy.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs' motion for class certification (Docket No. 60).

IT IS SO ORDERED.

Dated: 9/8/04

/s/ CLAUDIA WILKEN
CLAUDIA WILKEN
United States District Judge