IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN CHAMBERLAN, BRIAN CHAMPINE, and HENRY FOK, on behalf of themselves and all others similarly situated, and on behalf of the general public,<br><br>    Plaintiffs,<br><br>  v.<br><br>FORD MOTOR COMPANY, and DOES 1 through 100, inclusive,<br><br>    Defendants.<br>_____/ | No. C 03-02628 CW<br><br>ORDER DENYING DEFENDANT'S MOTION TO DECERTIFY CLASS AND GRANTING PLAINTIFFS' MOTION TO IMPLEMENT CLASS NOTICE PLAN |

    Defendant Ford Motor Company (Defendant) moves to decertify the class represented by Plaintiffs Susan Chamberlan and Henry Fok, on behalf of themselves and others similarly situated (collectively, Plaintiffs). Defendant also moves to stay implementation of the class notice plan and certain trial proceedings pending the Court's rulings on Defendant's other motions. Plaintiffs oppose these motions, and move for immediate implementation of the class notice plan. Defendant opposes Plaintiffs' motion. The matters were heard on March 18, 2004. Having considered the papers filed by the parties and oral argument on the motions, the Court DENIES Defendant's motion to decertify the class (Docket No. 270); DENIES Defendant's motion to stay the proceedings (Docket No. 287); and GRANTS Plaintiffs' motion for immediate implementation of the class notice plan (Docket No. 318). The Court takes under

submission Defendant's motions for summary judgment and for judgment on the pleadings.

## I. Class Certification

Any order certifying a class action "may be altered or amended before final judgment." Fed. R. Civ. P. 23(c)(1)(C). The standard for class certification was set forth in the Court's September 8, 2004 Order Granting Plaintiffs' Motion for Class Certification. Defendant filed a Rule 23(f) petition in the Ninth Circuit Court of Appeals seeking review of that decision. Defendant's petition was denied on March 9, 2005.

Defendant argues that there can be no class-wide proof that Plaintiffs were harmed "as a result of" Defendant's alleged omissions. The Court considered this argument in its prior determination to certify the class. Defendant has not shown that new evidence revealed during discovery warrants reconsideration of this argument.

Defendant claims that Plaintiffs' experts have conceded that Defendant possessed no material information until after some class members purchased their cars, and that Defendant's evolving knowledge about the intake manifolds mandates decertification. Defendant mischaracterizes the testimony of Plaintiffs' experts. For instance, Thomas Feaheny testified only that it was not until 2001 that Defendant "recognized and committed to . . . taking corrective action," and that some of the "detailed specifications" for the composite material used "probably" changed over time. See Swaney Decl., Ex. T, Feaheny Dep. 164:11-25 and 138:14-19. The cited testimony does not

2

address when Defendant should have disclosed information about Plaintiffs' manifolds, and does not support Defendant's position. Evidence that Defendant's knowledge changed over time does not alter the Court's determination that class certification is appropriate. Indeed, it is in the interests of judicial efficiency to have a single jury determine the core salient facts as to whether, and if so when, Defendant failed to disclose material information.

Defendant contends that the claims of the named Plaintiffs are not sufficiently typical of the class, primarily because their manifolds have failed while other class members' manifolds have not. The Court is not persuaded by Plaintiffs' position that class members whose manifolds have not yet failed may nonetheless recover the cost to replace their manifolds as compensatory damages under the CLRA. However, the fact that all class members may not recover the same measure of compensatory damages does not warrant decertification of the class. Cf. Wilens v. TD Waterhouse Group, Inc., 120 Cal. App. 4th 746 (2003) (denying class certification in CRLA action where court could not presume that each class member suffered "any damage" as needed for standing).

More generally, Defendant argues that the Court should decertify the class because the jury cannot make a single "yes or no" determination as to liability, yet Plaintiffs will be able to present the jury with an unfairly amalgamated "perfect plaintiff." Defendant urges the Court to follow the Fourth Circuit's reasoning in Broussard v. Meineke Discount Muffler

3

Shops, Inc., 155 F.3d 331 (4th Cir. 1998), reversing a class certification ruling after trial due to "pointed 'adversity among subgroups,'" and lack of commonality and typicality, and finding that the class action setting "so infected the proceedings" that the named plaintiffs' claims could not be evaluated alone. Id. at 340, 344. Defendant has not identified factors that might make Broussard persuasive authority here; this case does not involve multiple potential grounds (in both tort and contract) for liability, multiple defendants, complicated and varied communications (including oral representations) between members of the plaintiff class and defendants, or pointed conflicts of interest.

For these reasons, the Court denies Defendant's motion to decertify the class. Defendant's arguments will be further addressed in the context of the Court's rulings on the motion for summary judgment and any pre-trial motions.

II. Defendant's Motion for Stay and Plaintiffs' Motion to Implement Class Notice Plan

Defendant's initial motion for an overall stay in the proceedings is moot in light of the Ninth Circuit's ruling. Plaintiffs counter-move for immediate implementation of the class notice plan. Defendant's remaining objection to this counter-motion is also moot now, due to the Court's denial of Defendant's motion to decertify the class. Therefore, the Court grants Plaintiff's motion to implement the class notice action plan immediately.

Defendant's request to postpone the April 6 deadline for

4

exchange of pretrial materials is likewise denied. All pre-trial deadlines will remain in effect. Unless and until the Court orders otherwise, the parties do not need to prepare or exchange findings of fact and conclusions of law regarding Plaintiffs' claim on behalf of the general public under California's Unfair Competition Law, Business & Professions Code § 17200 <u>et seq</u>. The Court is currently not inclined to continue the trial date.

IT IS SO ORDERED.

3/21/05                                   /s/ CLAUDIA WILKEN
Dated:_____             CLAUDIA WILKEN
                                          United States District Judge

5