LEVY, RAM & OLSON LLP
MICHAEL F. RAM (S.B. # 104805)
HEATHER M. MILLS (S.B. # 215293)
639 Front Street, Fourth Floor
San Francisco, CA 94111-1913
Telephone:  (415) 433-4949
Facsimile:  (415) 433-7311

Attorneys for Plaintiffs and Class Members


BRIAN C. ANDERSON (S.B. # 126539)
MICHAEL F. TUBACH (S.B. #145955)
RANDALL W. EDWARDS (S.B. #179053)
STEVEN E. SWANEY (S.B. #221437)
O'MELVENY & MYERS LLP
Embarcadero Center West
275 Battery Street, Suite 2600
San Francisco, CA 94111-3305
Telephone:  (415) 984-8700
Facsimile:  (415) 984-8701

Attorneys for Defendant
FORD MOTOR COMPANY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| SUSAN CHAMBERLAN, BRIAN CHAMPINE, and HENRY FOK, on behalf of themselves and all others similarly situated, and on behalf of the general public,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>FORD MOTOR COMPANY and DOES 1 through 20, inclusive,<br><br>　　　　　　Defendants | Case No.  C 03-02628 CW<br><br>**ORDER PRELIMINARILY APPROVING SETTLEMENT AGREEMENT, CERTIFYING SETTLEMENT CLASS, APPOINTING SETTLEMENT CLASS COUNSEL, SETTING HEARING ON FINAL APPROVAL OF SETTLEMENT, AND DIRECTING NOTICE TO THE CLASS**<br><br>Judge:  Hon. Claudia Wilken |

# ORDER

The parties jointly moved this Court for an Order preliminarily approving their settlement, certifying a settlement class, appointing settlement class counsel, setting a hearing on the final approval of the settlement, and directing notice to the class (the "Joint Motion"). Upon considering the Joint Motion, the parties' Settlement Agreement and all attached exhibits, the materials previously submitted in this case, the arguments of counsel, and other materials relevant to this matter, it is **ORDERED** that:

1. This Court has both subject matter jurisdiction and personal jurisdiction as to this action and all Parties before it.

2. The terms of the Settlement Agreement are sufficiently fair, adequate and reasonable to allow dissemination of the Notice of Proposed Settlement to Settlement Class Members. This determination is not a final finding that the Settlement Agreement is fair, adequate, and reasonable, but instead is a preliminary determination, subject to further review at a Final Fairness hearing to evaluate whether to provide final approval of the proposed settlement.

3. On September 8, 2004, the Court issued an order certifying a class that included residents of California only (the "California Certification Order"). At the time of the settlement negotiations, other related putative class actions were pending outside the State of California: *McGettigan v. Ford Motor Co.*, Case No. CV-2002-3400-JRL in the Circuit Court of Mobile County, Alabama, and *Rhea v. Ford Motor Co.*, CJ-05-55, in the District Court for Adair County, State of Oklahoma. Collectively, these three actions are referred to as the "Related Actions."

4. The Parties have made a sufficient showing that a nationwide class should be certified for settlement purposes only, subject to a final fairness hearing, with the Settlement Class consisting of persons who meet the following criteria:

All persons residing in the United States who currently own or lease, or previously

owned or leased, a 1996 through 2002 model-year Ford, Lincoln, or Mercury vehicle equipped with a 4.6-liter, 2-valve V-8 engine having an all-composite air intake manifold as original equipment, other than vehicles which have already received an extended warranty pursuant to a Ford Owner Notification Program action.  Specifically, class vehicles include those 1996-2001 Mercury Grand Marquis, 1996-2001 Ford Crown Victorias, 1996-2001 Lincoln Town Cars, 1997 Mercury Cougars and Ford Thunderbirds and Mustangs manufactured after June 24, 1997, 1998-2001 Ford Mustangs, and certain 2002 Ford Explorers that were equipped with the 4.6-liter, 2-valve V-8 engine.

*Excluded from the class are the following*:

    a. Ford, its subsidiaries and affiliates, officers, and directors;

    b. the judge to whom this case is assigned and any member of the judge's immediate family;

    c. persons who have settled with and released Ford from individual claims substantially similar to those alleged in the Related Actions; and

    d. persons who have previously timely and validly requested exclusion from the class certified in the *Chamberlan* action.

The California Certification Order is conditionally superseded by this Order.  If, for any reason, the proposed settlement is not approved, the current order certifying a settlement class shall be vacated *nunc pro tunc* and the California Certification Order shall be reinstated, but Ford will retain all rights it now has to seek review or reconsideration of that Order.

    5.    Certification of the Settlement Class is warranted because the requirements of Rule 23(a) and (b)(3) were determined to be satisfied when the Court certified the California Class.  The expansion of the Settlement Class to cover residents of the entire United States does not, under the facts and circumstances associated with this settlement class, defeat the prerequisites for certification, as held by federal authorities addressing settlement classes.

    6.    The Court hereby appoints the following attorneys to represent the Settlement Class:  Levy, Ram & Olson LLP and Cunningham, Bounds, Yance, Crowder & Brown LLC (collectively, "Class Counsel").

    7.    The Settlement Agreement shall be used for settlement purposes only.  The fact of, or any provision contained in, the Settlement Agreement or any action taken pursuant to it

shall not constitute an admission of the validity of any claim or any factual allegation that was or could have been made by Plaintiffs and Settlement Class Members in the present action or any of the Related Actions, or of any wrongdoing or liability of any kind on the part of Ford.  The Settlement Agreement shall not be offered or be admissible in evidence by or against Ford or cited or referred to in any other action or proceeding, except (a) in any action or proceeding brought by or against the Parties to enforce or otherwise implement the terms of the Settlement Agreement, or (b) in any action involving Plaintiffs, Settlement Class Members, or any of them, in which the allegations are based on the same factual bases and allegations set forth in this case, to support a defense of *res judicata*, collateral estoppel, release, or other theory of claim preclusion, issue preclusion, or similar defense.

8. The Mailed Notice and Summary Notice, and provisions for disseminating those materials, described in and attached to the Settlement Agreement are approved.  These materials (a) provide the best notice practicable under the circumstances, (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the action, the terms of the proposed settlement, and of their right to appear or object to or exclude themselves from the proposed settlement, (c) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice, and (d) and fully comply with United States law.  Ford (through the Settlement Administrator) shall be responsible for providing notice of the proposed settlement to the Settlement Class Members in accordance with the provisions of the Settlement Agreement.  The parties may change the Notices to reflect operative hearing and opt-out dates or other presently unknown data without further approval from the Court.

9. As contemplated by the Settlement Agreement, Ford is authorized to obtain current vehicle registration information for current-owner Settlement Class Members for the purpose of disseminating notice of the proposed settlement to those persons and entities.  Third party vendors required to assist in this process are hereby authorized to obtain vehicle registration information concerning current-owner Settlement Class Members and provide it to Ford for the sole purpose of providing notice to those persons and entities.

10.     Anyone who wishes to be excluded from the Settlement Class must submit a written Request for Exclusion (as that term is defined in the Notice) by sending it to the Settlement Administrator at the United States Post Office Box described in the Notice by first-class U.S. mail.  The envelope containing the Request for Exclusion must be postmarked on or before the date set forth in the Mailed Notice, which shall be thirty (30) days after the completion of Notice pursuant to the Settlement Agreement.

11.     Anyone submitting a Request for Exclusion must (i) set forth his/her full name and current address, (ii) identify the model year and model of his/her Class Vehicle(s) and the approximate date of purchase or lease, (iii) whether the class member requesting exclusion still owns the class vehicle, and (iv) specifically state his/her desire to be excluded from the Settlement Class.  Any current owner or lessee of a Class Vehicle who submits a Request for Exclusion must also provide the Vehicle Identification Number of the vehicle with that Request.

12.     Anyone who falls within the Settlement Class definition and does not submit a Request for Exclusion in complete accordance with the deadlines and other specifications set forth in this Order and the Settlement Agreement shall become a Settlement Class Member and shall be bound by all proceedings, orders, and judgments of this Court pertaining to the Settlement Class.

13.     Any Settlement Class Member who wishes to object to the proposed Settlement must send by first-class U.S. mail a written Objection to the Settlement to the Settlement Administrator at the United States Post Office Box (as described in the Notice).  The envelope containing the Objection to the Settlement must be postmarked on or before the date set forth in the Mailed Notice, which shall be thirty (30) days after completion of Notice pursuant to the Settlement Agreement.  Only Settlement Class Members may object to the Settlement.

14.     All Objections to the Settlement must also be served on Class Counsel and on Ford's counsel at the addresses set forth below:

Class Counsel:

Michael Ram, Esq.
Heather Mills, Esq.
LEVY, RAM & OLSON LLP
639 Front Street, Fourth Floor
San Francisco, California 94111-1913

Ford's Counsel:

Michael Tubach, Esq.
Randall Edwards, Esq.
O'MELVENY & MYERS LLP
275 Battery Street, 26th Floor
San Francisco, California 94111-3305

15.     In his/her Objection, an objecting Settlement Class Member must (i) set forth his/her full name, current address, and telephone number, (ii) identify the model and model year of his/her Class Vehicle(s), as well as the Vehicle Identification Number of his/her Class Vehicle(s) if a current owner or lessee, (iii) state whether he/she purchased the Class Vehicle(s) when it was new and whether he/she currently owns the Class Vehicle(s), (iv) set forth a statement of the position(s) the objector wishes to assert, including the factual and legal grounds for the position, and (v) provide copies of any other documents that the objector wishes to submit in support of his/her position.

16.     Any Settlement Class Member who does not submit an Objection to the Settlement in complete accordance with this Order and the applicable provisions of the Settlement Agreement shall not be permitted to object to the settlement.

17.     Any objecting Settlement Class Member may appear at the hearing on the fairness of the proposed Settlement (the "Fairness Hearing") held by the Court, in person or by counsel to show cause why the proposed Settlement should not be approved as fair, adequate and reasonable, or object to any petitions for attorney fees and reimbursement of litigation costs and expenses.  The objecting Settlement Class Member must file with the Clerk of the Court and serve upon counsel designated in Paragraph 14 of this Agreement, a notice of intention to appear at the Fairness Hearing ("Notice of Intention to Appear") by the deadline specified in the

Summary Notice and the Mailed Notice, which shall be thirty (30) days after the completion of Notice pursuant to this Agreement. The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Settlement Class Member (or his/her counsel) will present to the Court in connection with the Fairness Hearing. Any Settlement Class Member who does not provide a Notice of Intention to Appear in complete accordance with the deadlines and other specifications set forth in the Summary Notice and Mailed Notice, and who has not filed an Objection in complete accordance with the deadlines and other specifications set forth in this Paragraph and the Mailed Notice, will be barred from speaking or otherwise presenting any views at any Fairness Hearing.

18. Before the dissemination of class notice, the Settlement Administrator shall obtain a United States Post Office Box for the purpose of receiving Requests for Exclusion and Objections to the Settlement and the fee petition that are submitted in accordance with the procedures set forth in this Order and the Settlement Agreement. This address shall be set forth in the Mailed Notice and Summary Notice.

19. The Settlement Administrator shall also have the responsibilities enumerated in the Settlement Agreement.

20. Class Counsel shall file with the Court their petition for payment of attorney fees and reimbursement of litigation costs and expenses no later than thirty (30) days before the Fairness Hearing. This request shall not be inconsistent with the provisions of Paragraph 28(c) of the Settlement Agreement.

21. Any memoranda or other materials by the Parties in reply to an Objection to the Settlement shall be filed with the Clerk of this Court and served no later than ten (10) days before the Fairness Hearing. Any such reply may, but need not, be combined with a Motion for Final Approval of the Settlement, which shall be filed on the same date. Such memoranda and other briefing shall be served on the counsel designated in Paragraph 14 of this Order, on any other attorneys who have entered an appearance in this proceeding in accordance with Paragraph

17 of this Order, and on any member of the Settlement Class to whose Objection to the Settlement the memoranda or other briefing responds.

22.     The Fairness Hearing shall be held on the date set forth in the Mailed Notice, which shall be on or about sixty (60) days after the completion of Notice pursuant to the Settlement Agreement.  It shall be held before the Honorable Claudia Wilken at the United States District Court for the Northern District of California on September 30, 2005, at 10:00 a.m., in Courtroom 2, 1301 Clay Street,  Oakland, California.  The Fairness Hearing may be continued or rescheduled by the Court with notice to Class Counsel and counsel for Ford and to any objecting Settlement Class Member who has filed a Notice of Intention to Appear in accordance with Paragraph 17 of this Order, but without further notice to the class.  At the Fairness Hearing, or as soon afterwards as practicable, the Court will determine whether the proposed settlement is fair, adequate and reasonable, and should be approved by the Court.  At the Fairness Hearing, the Court will also consider the amount of attorney fees and expenses that should be awarded to Class Counsel.  If appropriate, the Court will issue a Final Order and Judgment memorializing its decision, in the form contemplated by the Settlement Agreement.

23.     Class Counsel and Ford are authorized to establish other means necessary to effectuate the terms of the Settlement Agreement.

24.     Pending further orders by this Court, all proceedings in this case — other than proceedings pursuant to this Order — shall be stayed and all members of the Settlement Class who do not request exclusion from the Settlement Class in accordance with Paragraphs 10 through 12 of this Order shall be enjoined under the All Writs Act, 28 U.S.C. § 1651, the Anti-Injunction Act, 28 U.S.C. §2283, and Federal Rule of Civil Procedure 65 from commencing or prosecuting any action, suit, proceeding, claim, or cause of action (except those based on or relating to personal injury or wrongful death), in any jurisdiction or court against Ford relating to or arising out of the subject matter of this action.

**IT IS SO ORDERED.**

      6/22/05                          /s/ CLAUDIA WILKEN

Dated: _____

                                                        Hon. Claudia Wilken
                                                        United States District Judge
                                                        Northern District of California

SF1:588013.3