1  LEVY, RAM & OLSON LLP
   MICHAEL F. RAM (S.B. # 104805)
2  HEATHER M. MILLS (S.B. # 215293)
   639 Front Street, Fourth Floor
3  San Francisco, CA 94111-1913
   Telephone:    (415) 433-4949
4  Facsimile:    (415) 433-7311

5  Attorneys for Plaintiffs and Class Members

6
   BRIAN C. ANDERSON (S.B. # 126539)
7  MICHAEL F. TUBACH (S.B. #145955)
   RANDALL W. EDWARDS (S.B. #179053)
8  STEVEN E. SWANEY (S.B. #221437)
   O'MELVENY & MYERS LLP
9  Embarcadero Center West
   275 Battery Street, Suite 2600
10 San Francisco, CA 94111-3305
   Telephone:    (415) 984-8700
11 Facsimile:    (415) 984-8701

12 Attorneys for Defendant
   FORD MOTOR COMPANY

13

14                 **UNITED STATES DISTRICT COURT**

15               **NORTHERN DISTRICT OF CALIFORNIA**

16                     **OAKLAND DIVISION**

17

18 SUSAN CHAMBERLAN, BRIAN                  Case No.  C 03-02628 CW
   CHAMPINE, and HENRY FOK, on behalf
19 of themselves and all others similarly   **FINAL ORDER AND JUDGMENT**
   situated, and on behalf of the general   **APPROVING SETTLEMENT**
20 public,
                                            Judge:  Hon. Claudia Wilken
21                 Plaintiffs,

22        v.

23 FORD MOTOR COMPANY and DOES 1
   through 20, inclusive,
24
                   Defendants
25

26

27

28

1

**FINAL ORDER AND JUDGMENT**

2

The parties jointly moved this Court for an Order finally approving their settlement,

3

certifying a settlement class, and taking certain other actions.  On October 7, 2005, the Court held

4

a hearing on the motions and the fairness of the settlement.

5

6

Upon considering the parties' Settlement Agreement and Release[1] and the accompanying

7

exhibits (including forms of notice and claim forms) (collectively "Settlement Agreement"), all

8

papers in support of the settlement filed by the parties, plaintiffs' petition for fees and costs, all

9

objections to the settlement, the record in this case, the arguments of counsel, and other materials

10

relevant to this matter, it is hereby **ORDERED** as follows:

11

12

1.      This Court has both subject matter jurisdiction and personal jurisdiction as to this

13

action and all Parties before it.

14

15

2.      The Court has carefully considered the objections that have been filed.

16

17

3.      The Parties reached a proposed settlement only after years of vigorous litigation.

18

In the absence of settlement it would be necessary to continue prosecuting the various Related

19

Actions through pre-trial and trial.  Even if plaintiffs were successful in one or more of the

20

actions at trial, the series of appeals Ford has indicated it would take regarding both the merits of

21

the case as well as any class certification orders would delay substantially the Settlement Class

22

Members' receipt of any benefits from the Related Actions.  There are significant risks in this

23

litigation, whose outcome is uncertain; therefore, balancing the costs, risks, and delay of

24

continued litigation against the benefits of the settlement to the Settlement Class, the Court has

25

concluded that the settlement as provided in the Settlement Agreement will be in the best interests

26

of the Settlement Class.

27

28

---

[1]      All capitalized terms in this Final Order and Judgment shall have the meaning and effect prescribed in the Settlement Agreement.

4.      Taking these factors into account, along with the points set forth in the parties' respective responses to the objections, the Court concludes that the proposed settlement represents a reasonable compromise of the claims that have been asserted in these actions.

5.      The Court approves the terms of the Settlement Agreement – attached as Exhibit A and incorporated herein by reference – as fair, adequate and reasonable as it applies to all Plaintiffs and Settlement Class Members.  The Court further directs implementation of all terms and provisions of the Settlement Agreement.

6.      The Mailed Notice and Summary Notice, the contents of which were previously approved by the Court's June 22, 2005 Order, have been disseminated in accordance with procedures required by the Court's Order and the law.  These materials (a) provided the best practicable notice, (b) were reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the action, the terms of the proposed settlement, and of their right to appear or object to or exclude themselves from the proposed settlement, (c) were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice, and (d) and fully complied with United States law.

7.      On September 8, 2004, the Court issued an order certifying a class that included residents of California only (the "California Certification Order").  At the time of the settlement negotiations, other related putative class actions were pending outside the State of California: *McGettigan v. Ford Motor Co.*, Case No. CV-2002-3400-JRL in the Circuit Court of Mobile County, Alabama, and *Rhea v. Ford Motor Co.*, CJ-05-55, in the District Court for Adair County, State of Oklahoma.  Collectively, these three actions are referred to as the "Related Actions."  The Parties have made a sufficient showing that a nationwide class should, consistent with the Court's June 22, 2005 Order, remain certified for settlement purposes only, consisting of persons who meet the following criteria:

All persons residing in the United States who currently own or lease, or previously

FINAL JUDGMENT
CASE NO. C 03-02628 CW

owned or leased, a 1996 through 2002 model-year Ford, Lincoln, or Mercury vehicle equipped with a 4.6-liter, 2-valve V-8 engine having an all-composite air intake manifold as original equipment, other than vehicles which have already received an extended warranty pursuant to a Ford Owner Notification Program action.  Specifically, class vehicles include those 1996-2001 Mercury Grand Marquis, 1996-2001 Ford Crown Victorias, 1996-2001 Lincoln Town Cars, 1997 Mercury Cougars and Ford Thunderbirds and Mustangs manufactured after June 24, 1997, 1998-2001 Ford Mustangs, and certain 2002 Ford Explorers that were equipped with the 4.6-liter, 2-valve V-8 engine.

*Excluded from the class are the following*:

   a.   Ford, its subsidiaries and affiliates, officers, and directors;

   b.   the judge to whom this case is assigned and any member of the judge's immediate family;

   c.   persons who have settled with and released Ford from individual claims substantially similar to those alleged in the Related Actions; and

   d.   persons who have previously timely and validly requested exclusion from the class certified in the *Chambleran* action.

8.     If, for any reason, the Effective Date of the Settlement does not occur, this Order certifying a settlement class shall be vacated *nunc pro tunc*.

9.     All Parties are bound by this Final Order and Judgment and by the Settlement Agreement.

10.     The Court dismisses, on the merits and with prejudice, all claims currently pending before it belonging to Settlement Class Members who did not request exclusion from the Settlement Class in the time and manner provided for in the Settlement Agreement.

11.     Ford and the Ford Related Parties are forever discharged from the Released Claims, as that term is defined at Paragraph 10 of the Settlement Agreement, belonging to all Settlement Class Members who did not request exclusion from the Settlement Class in the time and manner provided for the in the Settlement Agreement.  This release occurs pursuant to the

terms and covenants of the Settlement Agreement.  Provided, however, that nothing in this Final Order and Judgment is intended to bar Plaintiffs or Settlement Class Members from seeking to enforce or otherwise implement the Settlement Agreement and/or claims arising out of, based upon, or related to personal injury, regardless of whether the claim is brought in an action or matter making allegations pertaining to an intake manifold or its effects, and regardless of whether such claims arose before or after the Settlement.

12.     All Settlement Class Members who did not make a valid request for exclusion from the Settlement Class in the time and manner provided in the Settlement Agreement are barred, permanently enjoined, and restrained from commencing or prosecuting any action, suit, proceeding, claim, or cause of action in any jurisdiction or court against Ford and/or the Ford Related Parties based upon, relating to, or arising out of, any of the Released Claims.

13.     The claims of Settlement Class Members who validly elected to be excluded from the Settlement Class in the time and manner provided for in the Settlement Agreement are dismissed without prejudice.

14.     For good cause shown, the Court awards Class Counsel reasonable attorney fees of $4,500,000.00, in addition to an award of reasonable actual expenses in connection with litigating the Related Actions in the amount of $738,817.78.

15.     The Settlement Agreement shall not be offered or be admissible in evidence by or against Ford or cited or referred to in any other action or proceeding, except (1) in any action or proceeding brought by or against the Parties to enforce or otherwise implement the terms of the Settlement Agreement, or (2) in any action involving Plaintiffs, Settlement Class Members, or any of them, to support a defense of *res judicata*, collateral estoppel, release, or other theory of claim preclusion, issue preclusion, or similar defense.

FINAL JUDGMENT
CASE NO. C 03-02628 CW

1    16.    If, for any reason, the Effective Date of Settlement does not occur, this Final Order

2    and Judgment shall be deemed vacated and shall have no force or effect whatsoever.

3

4    17.    Without affecting the finality of the Final Order and Judgment in any way, the

5    Court reserves continuing jurisdiction over the Parties regarding the execution, consummation,

6    administration, and enforcement of the terms of the Settlement Agreement.

7

8    18.    There being no just reason for delay, the Clerk is directed to enter the Final Order

9    and Judgment.

10

11   **IT IS SO ORDERED.**

12
          10/7/05                                         /s/ CLAUDIA WILKEN
13
       Dated: _____                         _____
14
                                                    Hon. Claudia Wilken
15                                                  United States District Judge
                                                    Northern District of California
16

17

18

19

20

21

22

23

24

25

26

27

28