UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

FILED
2005 OCT 31  PH 3: 43

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
N.D. CALIFORNIA

| | |
|---|---|
| SUSAN CHAMBERLAN, BRIAN CHAMPINE and HENRY FOK, on behalf of themselves and all others similarly situated, and on behalf of the general public,<br><br>        Plaintiffs,<br><br>   v.<br><br>FORD MOTOR COMPANY, and DOES I through 20, inclusive,<br><br>        Defendants. | No. C 03 2628 CW<br><br>**NOTICE OF APPEAL** |

    Frank Giganti, a class member who has filed an Objection to the Settlement of the above-entitled class action, hereby appeals the Court's ORDER GRANTING MOTION OF THE PLAINTIFF CLASS FOR REASONABLE ATTORNEYS' FEES AND EXPENSES, entered on October 7, 2005, to the United States Court of Appeals for the Ninth Circuit.

    A copy of said Order is attached hereto.

                                              Respectfully submitted,

                                              */s/ Frank Giganti*
                                              FRANK GIGANTI
                                              6770 Chaffee Court
                                              Apartment Q1
                                              Brecksville, Ohio   44141
                                              Appearing *Pro Se*

LEVY, RAM & OLSON LLP
MICHAEL F. RAM (SBN 104805)
HEATHER M. MILLS (SBN 215293)
639 Front Street, Fourth Floor
San Francisco, California 94111-1913
Telephone:  (415) 433-4949
Facsimile:  (415) 433-7311

Attorneys for Plaintiffs, Class Members and the General Public

[Additional counsel on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN CHAMBERLAN, BRIAN CHAMPINE and HENRY FOK, on behalf of themselves and all others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br>v.<br><br>FORD MOTOR COMPANY, and DOES 1 through 20, inclusive,<br><br>Defendants. | No. C 03 2628 CW<br><br>**ORDER GRANTING MOTION OF THE PLAINTIFF CLASS FOR REASONABLE ATTORNEYS' FEES AND EXPENSES** |

On October 7, 2005, this Court heard the Motion of the Plaintiff Class for Reasonable Attorneys' Fees and Expenses. Michael F. Ram, Richard T. Dorman, and Heather M. Mills, appeared for plaintiff. Michael Tubach, Brian Anderson, Randall Edwards and Steven Swaney appeared for defendants. The Court has read and considered the papers, including declarations and exhibits, and having considered all other pleadings and papers on file in this matter,.

The Court finds and orders as follows:

1.  Due and adequate notice was directed to class members, advising them of Class Counsel's intent to seek attorneys' fees and expenses, and of their right to object to the

1. settlement or opt out.

2. A full and fair opportunity was accorded to all class members to be heard with respect to the motion for reasonable attorneys' fees and expenses.

3. The Court hereby awards $4,500,000 in attorneys fees to Class Counsel. The Court also awards litigation expenses in the amount of $738,817.78 to Class Counsel.

4. The Court finds that the time Class Counsel spent on this case and their "lodestar" fees for services are reasonable. The Court further finds that the following hourly rates claimed by Class Counsel accurately reflect the hourly rates charged by private attorneys of comparable experience, expertise, and reputation for comparable work: $590 for Mr. Ram and his senior partners, $495 for junior partners, $360 for associates, and $175 for paralegals and law clerks; $650 for Mr. Dorman and his partners, $475 for senior associates, $375 for junior associates, and $175 for paralegals. Accordingly, the Court finds that the $4,500,000 awarded in attorneys' fees reflects the appropriate lodestar fees for services

5. The Court finds that the amount of fees and expenses awarded herein is fair and reasonable to the class in light of the circumstances of this case, the result achieved, the effort spent, the complexity of the issued presented, and the numerous risks faced by Class Counsel in obtaining a successful result.

6. The Court finds based on the record submitted that the attorneys' fees awarded are justified in light of *Serrano v. Priest*, 20 Cal.3d 25, 48-49 (1977), enumerating the following factors for determining the appropriateness of a lodestar multiplier: "(a) the novelty and difficulty of the questions involved, (b) the skill displayed in presenting them, (c) the extent to which the nature of the litigation precluded other employment by the attorneys, (d) the contingent nature of the fee award."

    *(a)    The novelty and difficulty of the questions involved*

    The issues were novel and difficult because Ford had already overcome prior class actions on the same defect. Ford's defenses were significant. It claimed that its decision to

Case No. C 03 2628CW
ORDER GRANTING MOTION OF THE PLAINTIFF CLASS FOR REASONABLE ATTORNEYS' FEES AND EXPENSES

implement an owner notification program primarily only for commercial vehicles was reasonable because there are driven differently. It argued that commercial vehicles had higher daily mileage accumulation, greater idling time that caused the manifold to fail; and it had an expert to support these claims. Ford further argued that Plaintiffs had to prove that any damage the class suffered from the plastic manifolds was actually caused by Ford's nondisclosures; and to do so, Plaintiffs would have to prove that Ford's non-disclosures regarding the propensity of the intake manifold to fail prematurely had caused the class member to purchase the vehicle. And it had experts who supported these claims as well. Ford also had a statute of limitations defense: it contended that anyone who had a manifold failure was on notice of a "defect" and therefore should have discovered he or she had a cause of action under the CLRA.

### (b) *The skill displayed in presenting the case*

Class Counsel have proven their expertise prosecuting this class action. Given the contentious nature of the litigation, the Court finds that the result achieved in this matter would have been unlikely if entrusted to counsel of lesser experience or capability.

### (c) *The extent to which the nature of the litigation precluded other employment by the attorneys*

Class Counsel devoted over 12,000 hours to this case. While Class Counsel handle many cases at a time, including class actions such as this one, their resources are limited. Of course, time devoted to achieving a positive result in this case could not also be devoted to pursuing other matters. *See* Ram Dec. ¶ 20. Dorman Dec. ¶ 12.

### (d) *The contingent nature of the fee award.*

Class Counsel undertook this case, which was relatively complex, and presented numerous and substantial risk, on a contingent fee and expenses basis.

7. In determining whether to use the 25% benchmark or some higher or lower percentage, the Ninth Circuit has considered various factors – specifically (a) whether exceptional results were achieved, (b) the degree of risk for Class Counsel, (c) whether there were benefits to the class beyond the immediate generation of a cash fund, (d) the range of fee

Case No. C 03 2628CW
ORDER GRANTING MOTION OF THE PLAINTIFF CLASS FOR REASONABLE ATTORNEYS' FEES AND EXPENSES

awards from common funds of comparable size, and (e) Class Counsel's investment in the case and their foregoing of other work. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048-50 (9th Cir. 2002). All of these factors support a percentage award in this case of 30 percent. Nevertheless, the fees awarded here, $4.5 million – less than five percent of the anticipated payout, are reasonable.

### (a) The Results Obtained

Class Counsel achieved exceptional results. The hard-won settlement provides substantial settlement benefits to the class. Significantly, the settlement that Class Counsel negotiated successfully shifted the burden of paying all administrative expenses, attorneys' fees and expenses onto Ford, thus avoiding any reduction from class members' recoveries. This is more favorable for class members than the typical case, where the class recovery is reduced by paying administrative costs and the fees and expenses of Class Counsel.

### (b) Degree of Risk to Class Counsel

As discussed above, Class Counsel undertook this case, which was relatively complex, and presented numerous and substantial risk, on a contingent fee and expenses basis.

### (c) Benefits Beyond The Cash Settlement Fund.

The results Class Counsel achieved go beyond the reimbursement that Ford must make to class members for failures that have already occurred. The extended warranty period provides that owners who have manifold failures within the seven-year period from the initial sale of the vehicle will have their manifolds replaced for free by Ford. Further, the benefits of the settlement can be transferred on the sale of a class vehicles to the new owner.

### (d) Range of Other Fee Awards in Cases of Comparable Size

In *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043 (9th Cir. 2002), the court found that in cases where the common fund ranged from $50-$200 million, most awards were in the range of 10%-30% of the total fund, with a majority clustered in the 20%-30% range. *Id.* at 1050 n.4. The requested percentage of the common fund is well below the range awarded in comparable cases.

Case No. C 03 2628CW
ORDER GRANTING MOTION OF THE PLAINTIFF CLASS FOR REASONABLE ATTORNEYS' FEES AND EXPENSES

*(e)   Investment of Class Counsel*

Not only did this case present extreme risk, but the actual investment of $738,817.78 in cash expenses and over 12,000 hours of time in pursuing these claims on behalf of the class, is substantial. Both Class Counsel firms have foregone income that could have been earned from working on other matters.

8.   Ford shall deliver to Class Counsel payment of $5,238,817.78 in attorneys' fees and expenses within fifteen days of the Effective Date of Settlement, in accordance with the Settlement Agreement.

10/7/05

Date:_____

*[signature: Claudia Wilken]*

THE HONORABLE CLAUDIA WILKEN
U.S. DISTRICT COURT JUDGE